LUPER SCHUSTER, J., dissenting.
 

 {¶ 22} Because I would affirm the judgment of the trial court, I respectfully dissent.
 

 {¶ 23} In their first assignment of error, Roty and Neff argue that the trial court erred in not compelling the production of company-wide statistical data regarding Battelle's August and September 2013 reduction in force. The majority finds that the trial court abused its discretion in denying
 Roty and Neff access to these statistics. I disagree.
 

 {¶ 24} According to Roty and Neff, Battelle's August and September 2013 reduction in force had a statistically significant, disproportionate effect on older employees, and the termination decisions were centrally approved by Battelle's human resources personnel. However, based on the evidence presented at the December 2014 hearing, the trial court magistrate concluded that each termination decision in that reduction in force was made at the business unit level. The magistrate found that each business unit manager developed a plan and made an independent decision regarding which employees to terminate. Consequently, the magistrate concluded that Roty and Neff were only entitled to discovery regarding the birthdates and position titles for each employee in their business unit included in the August and September 2013 reduction in force. The magistrate thus denied Roty and Neff's request to compel Battelle to provide statistical data reaching across all of Battelle's business units. Roty and Neff objected to the magistrate's denial of the request, and the trial court overruled their objections and adopted the magistrate's decision in its entirety.
 

 {¶ 25} The record supports the trial court's decision to deny Roty and Neff's request to compel the production of company-wide age and position data. Testimony at the December 4, 2014 hearing indicated that Battelle's August and September 2013 reduction in force employment termination decisions were made at the individual business unit level, not the result of centralized decision-making. Marcy Ungar, Battelle's senior vice president of human resources, testified that Battelle's human resources personnel helped facilitate the reduction in force process in August and September 2013, providing advice and counsel to executive committee members. However, Ungar also testified that the reduction in force decision-making process was made separately within each of Battelle's business units. According to Ungar's testimony, each business unit manager decided whose employment would be terminated, and that manager was required to prepare a justification for the termination decision.
 

 {¶ 26} In my view, because evidence supported the trial court's finding that the principal decision-maker of each of Battelle's business units decided which employees to terminate as part of its August and September 2013 reduction in force, the trial court did not abuse its discretion in denying Roty and Neff's motion to compel company-wide statistics. I agree with the majority that there was testimony that Battelle's human resources department was involved in the August and September 2013 reduction in force terminations. But, contrary to the majority's suggestion, the evidence showed that the involvement was minimal or nonexistent as it related to deciding who would be terminated. I also disagree with the majority's reasoning that company-wide statistics could refute the evidence that termination decisions were primarily made at the business unit level. Similarly, I reject the majority's implicit findings that company-wide statistical data could constitute evidence that the principal decision-maker within Roty and Neff's business unit discriminated against them because of their age and that such data could also show that the termination decisions were influenced by the discriminatory animus of Battelle management outside their business unit. Because I find the trial court did not abuse its discretion in overruling Roty and Neff's motion to compel, I would overrule their first assignment of error.
 

 {¶ 27} Roty and Neff's second assignment of error asserts that the trial court erred in concluding they failed to submit evidence establishing the fourth prong of their prima facie age discrimination claims. In reduction in force cases, the fourth prong of the prima facie test "is modified to require the employee to offer additional direct; circumstantial; or statistical evidence tending to indicate that the employer singled him out for impermissible reasons." (Internal quotations omitted.)
 
 Wasserstrom v. Battelle Mem. Inst.
 
 ,
 
 2016-Ohio-7943
 
 ,
 
 74 N.E.3d 827
 
 , ¶ 17. Because Roty and Neff failed to present additional direct, circumstantial, or statistical evidence to establish age discrimination, their second assignment of error is without merit. Thus, I would overrule their second assignment of error.
 

 {¶ 28} In their third assignment of error, Roty and Neff argue the trial court erred in concluding that they failed to meet their burden of demonstrating that the legitimate, non-discriminatory reason for their terminations was actually pretext for age discrimination. However, pursuant to the
 
 McDonnell Douglas Corp. v. Green
 
 ,
 
 411 U.S. 792
 
 ,
 
 93 S.Ct. 1817
 
 ,
 
 36 L.Ed.2d 668
 
 (1973) analytical framework, because Roty and Neff did not meet their burden of presenting prima facie cases of age discrimination, it was unnecessary for appellees to present a legitimate, non-discriminatory reason for the terminations. For this reason, my disposition of Roty and Neff's second assignment of error would render moot their third assignment of error.
 

 {¶ 29} Lastly, in their fourth assignment of error, Roty and Neff contend the trial court erred in not considering the affidavits of their experts, Kemper Campbell and William Notz, Ph.D., in deciding appellees' motion for summary judgment. Based on my review of the record, I would find the trial court did not abuse its discretion in excluding Campbell's affidavit. Before submitting Campbell's affidavit in opposition to appellees' motion for summary judgment, Roty and Neff had represented to the trial court that Campbell's testimony would not be used at the summary judgment stage. As to Dr. Notz's affidavit, it appears the trial court mistakenly excluded his affidavit from consideration in ruling on appellees' motion for summary judgment. However, any error the trial court committed by not considering Dr. Notz's affidavit was not prejudicial to Roty and Neff because his statements that they cited regarding the absence of statistically significant data would not have satisfied Roty and Neff's evidentiary obligation as to the fourth prong of their prima facie age discrimination cases. Thus, I would overrule Roty and Neff's fourth assignment of error.
 

 {¶ 30} Accordingly, I respectfully dissent.